# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO


BENCHMARK ELECTRICAL SOLUTIONS, INC.,

       Plaintiff,

v.                                                CV No. 18-436 MV/CG

DANCAR ENERGY CONSTRUCTION LLC, and
NATIONAL SPECIALTY INSURANCE COMPANY,

       Defendants.


## <u>ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL</u>

**THIS MATTER** is before the Court on Plaintiff's *Motion to Compel Initial Disclosures, Interrogatory Answers and Production by Defendant DanCar Energy Construction, LLC* ("Motion to Compel"), (Doc. 69), filed November 6, 2019; Plaintiff's *Notice of Outstanding Issues respecting the Motion to Compel*, (Doc. 79), filed December 10, 2019; and Defendant DanCar Energy Construction LLC's *Response to Plaintiff's Notice of Outstanding Issues*, (Doc. 80), filed December 13, 2019. The Court, having considered the parties' filings and hearing argument from counsel, finds that Plaintiff's Motion to Compel is well-taken and shall be **GRANTED IN PART**.

**IT IS THEREFORE ORDERED** that:

1.      An individual on behalf of Defendant DanCar shall sign a sworn verification of Defendant DanCar's Answers to Interrogatories, and DanCar shall cause the verification to be served by close of business **Friday, December 20, 2019**.

2.      Defendant DanCar shall supplement its response to Interrogatories Nos. 3 and 5 of Plaintiff's First Set Of Interrogatories with requested details of each communication referred to in the Answer, and to the extent it cites to produced business

records for its response, it shall cite by Bates number any documents located within the produced business records that may be responsive to those Interrogatories.

3.      Defendant DanCar shall supplement its response to Interrogatory No. 6 of Plaintiff's First Set of Interrogatories by citing, by Bates number, such documents located within the produced business records that may be responsive to Interrogatory No. 6.

4.      Plaintiff's Motion to Compel is denied as to Interrogatories Nos. 7 and 8.

5.      Defendant DanCar shall supplement its responses to Interrogatory No. 10 of Plaintiff's first set of interrogatories with, at a minimum, the identities of the individuals who were parties to the communications referred to in the Answer. Defendant DanCar shall cite by Bates number those documents located within business records that may be responsive to Interrogatory No. 10.

6.      Defendant DanCar shall supplement its response to Interrogatories Nos. 12 and 13 of Plaintiff's First Set of Interrogatories by, at a minimum, citing by Bates number any documents located within business records that may be responsive to Interrogatory No. 12, and shall determine and disclose the identities of individuals with knowledge of those portions or components of Plaintiff's work on the Sendero Project which are the subject of Interrogatories Nos. 12 and 13, such determination to include inquiry to DanCar's other counsel representing it in separate litigation if necessary.

7.      With respect to Plaintiff's First Set of Requests for Production to Defendant DanCar, Defendant DanCar shall supplement its responses by providing citations to Bates stamp numbers of the documents it asserts are responsive to the Requests.

8.      Having substantially granted Plaintiff's Motion to Compel, the Court shall order mandatory expenses and attorney's fees related to the filing of the Motion to Compel, pursuant to Federal Rule of Civil Procedure 37(b)(2)(C).

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE